

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DYLAN LERONE PERRY, §
§
    Petitioner, §
§
VS. § NO. 4:07-CV-492-A
§
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
§
    Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Dylan Lerone Perry is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On November 1, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that Perry file objections, if any thereto, by November 23, 2007. Perry timely filed his objections.[1]

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

---

[1] Perry titled the document containing his objections, "Petitioner's Motion to Object." The court treats this document as Perry's objections because he did not require leave of court to object, and in such document, Perry addresses the findings and conclusions of the Magistrate Judge.

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Perry's petition be dismissed with prejudice as time barred. Perry filed his petition on August 20, 2007. In order for his petition to have been timely, he would have had to have filed it by August 24, 2001. In his objections, Perry seems to argue that he is entitled to tolling of the limitations period because the waiver of his right to seek an application for state habeas relief was not made freely, voluntarily, and intelligently. Perry seems to contend that the waiver was invalid because it was made at a time when the trial court, the state, and his attorney all knew that he was being detained illegally. The Magistrate Judge considered and rejected this argument. In his objections, Perry has not adduced any evidence in support of these conclusory objections, so the court need not consider the matter any further. See Battle, 834 F.2d at 421.

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the petition of Dylan Lerone Perry for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed.

The court further ORDERS that all motions not previously ruled on in the above-captioned action be, and are hereby, denied.

SIGNED December 4, 2007.

_____
JOHN McBRYDE
United States District Judge